G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff,
TONI A. MAYS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| TONI A. MAYS,<br><br>      Plaintiff,<br><br>   vs.<br><br>PENN CREDIT CORPORATION, a foreign corporation; and DOES 1 to 10, inclusive,<br><br>      Defendants. | Case No.: 2:14-cv-4737<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## COMPLAINT FOR DAMAGES

### I.   INTRODUCTION

1. Toni A. Mays (hereinafter "Plaintiff") brings this action to secure redress from Penn Credit Corporation (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Cal. Civ. Code § 1788.  The FDCPA prohibits false or deceptive practices in

connection with the collection of debts.  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## III.    PARTIES

4.    Plaintiff is a natural person who resides in Northridge, Los Angeles County, California 91326.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

5.    Defendant is a foreign corporation, headquartered at 916 S. 14th St., Harrisburg, Pennsylvania 17104.  Defendant's registered agent for service of process is CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150 N, Sacramento, California 95833.

6.    In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt

collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c). Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.  FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff attempting to collect on an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus the "alleged debt" is a "debt" as defined by FDCPA 15 U.S.C. § 1692(a)(5) and as a "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

9. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at, but not limited to, Plaintiff's telephone number (818) 970-1223.

10. Upon information and belief, Defendant continuously and repeatedly called Plaintiff from the following telephone numbers (800) 900-1380 and (800) 900-1370. At all times relevant, Defendant owned, operated, and/or controlled telephone numbers (800) 900-1380 and (800) 900-1370.

11. On or about April 13, 2014, Defendant called Plaintiff. Plaintiff notified Defendant that Plaintiff was represented by the undersigned counsel for

COMPLAINT FOR DAMAGES
- 3 -

purposes of consumer debt and filing for bankruptcy.  Plaintiff provided Defendant with Plaintiff's counsel's contact information.

12. Subsequent to April 13, 2014, Defendant called Plaintiff on at least ten (10) occasions.

13. Within one year prior to the filing of this action, Plaintiff on several occasions, informed Defendant that Plaintiff had retained counsel and to cease contacting Plaintiff.

14. Within one year prior to the filing of this action, Defendant contacted Plaintiff when Defendant knew Plaintiff was represented by an attorney.

15. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

16. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

17. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

18. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

### V. FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692(c)(a)(2) by contacting Plaintiff after Defendant was given notice that Plaintiff was represented by an attorney;

(b) Defendant violated 15 U.S.C. § 1692(d) by using conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff;

(c) Defendant violated 15 U.S.C. § 1692(d)(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly;

(d) Defendant violated 15 U.S.C. § 1692(e) by using any other false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

(e) Defendant violated §1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(f) Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### VI.   SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(d) by casing the telephone to ring repeatedly or continuously to annoy the person called;

(b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment; and

(c) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692(b) to 1692(j), inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act):

(i) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(2) by contacting Plaintiff after Defendant was put on notice that Plaintiff was represented by an attorney;

(ii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d) by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

(iii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d)(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly;

(iv) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

(v)     Defendant violated Cal Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(vi)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

25.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA;

(b)     Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and Cal. Civ. Code § 1788.30(a);

(c)     Statutory damages pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(b);

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(c);

(e)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: June 19, 2014                    RESPECTFULLY SUBMITTED,

                                        PRICE LAW GROUP, APC


                                        By: /s/ G. Thomas Martin, III
                                             G. Thomas Martin, III
                                             *Attorney for Plaintiff*